**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHARLES E. JUSTISE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:04-cv-764-SEB-VSS |
| ) | |
| ZENITH LOGISTICS, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendant's motion for summary judgment, filed on October 22, 2004, must be **granted.**

Charles E. Justise, Sr. ("Justise") (formerly Charles Brownie, before he changed his name on May 25, 2005), alleges that his former employer, Zenith Logistics, Inc. ("Zenith"), discriminated against him on the basis of race when it discharged his employment in 2001 and when it failed to rehire him in 2004.

**I.  Summary Judgment Standard**

Zenith seeks resolution of Justise's claims through the entry of summary judgment. Pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure*, summary judgment is to be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To survive summary judgment, the nonmovant must set forth "specific facts showing that there is a genuine issue for trial." **FED.R.CIV.P.** 6(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [nonmovant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Aderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Because the defendant seeks the entry of summary judgment and because Justise is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982) and Local Rule 56.1, was issued. Through this notice, Justise was notified of the nature of the defendant's motion, of the proper manner in which to respond, and of the consequences of failing to respond. Justise has responded with argument and evidence.

## II.  Findings of Fact and Conclusions of Law

### A.  Findings of Fact

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(e), the court makes the following findings of fact:

Justise began working at Zenith on March 16, 2001.  He was discharged from his employment on April 6, 2001, for failing to meet the performance expectations of a probationary employee. During his probationary employment, Justise's supervisors advised management of problems with Justise failing to follow instructions from his supervisors, failing to get along with other employees, and a general confrontational attitude.

Justise filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in May of 2001. In that charge he alleged that Zenith had discriminated against him on the basis of his race in discharging him from employment. The EEOC issued a right to sue notice to Justise on June 5, 2001. The Notice of Suit Rights states, in relevant part: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice;** otherwise your right to sue based on this charge will be lost."  (Emphasis in original).

Three years later, in February 2004, Justise contacted Zenith seeking to be rehired. He was told that he would not be rehired because his performance in 2001 was not acceptable and Zenith had a policy of not rehiring persons it had previously discharged.

On February 17, 2004, Justise filed a charge of discrimination with the EEOC, alleging that he had been discriminated against on the basis of race when he was denied employment. A right to sue notice was issued on March 18, 2004.

This action was filed on April 29, 2004. Justise alleges that race discrimination was the basis for his employment termination and not being rehired.

### B.  Conclusions of Law

Title VII of the Civil Rights Act of 1964 provides that it "shall be an unlawful employment practice for an employer ⋯ to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race... . " 42 U.S.C. § 2000e-2(a)(1). It is well established that a Title VII plaintiff must file his suit within 90 days of his receipt of the right to sue notice from the EEOC. *Houston v. Sidley & Austin,* 185 F.3d 837, 839 (7th Cir. 1999). It is undisputed that Justise did not

timely file a lawsuit asserting his claim that his employment was unlawfully terminated in 2001.

Justise invokes the "continuing violation" doctrine in an attempt to salvage his 2001 claim. He contends that merely identifying an act of discrimination that occurred within the appropriate limitations period, which he asserts was the failure to hire him in February of 2004, is sufficient to render the earlier act timely. This is not an accurate interpretation of the continuing violation doctrine.

Under the "continuing violation" doctrine, a claimant may "'get relief for a time-barred act by linking it with an act that is within the limitations period.'" *Miller v. Am. Family Mut. Ins. Co.,* 203 F.3d 997, 1003 (7th Cir. 2000) (quoting *Speer v. Rand McNally,* 123 F.3d 658, 663 (7th Cir. 1997)). A continuing violation may exist when the employer has an openly espoused, discriminatory policy that was in effect during the limitations period. *See Place v. Abbott Labs.*, 215 F.3d 803, 808 (7th Cir. 2000). The continuing violation doctrine has no discernible application to the circumstances of Justise's claims of discrimination because that doctrine does not apply when a time-barred incident cannot be linked with an incident that occurred within the statutory period or when the time-barred incident alone should have triggered the plaintiff's awareness that his rights had been violated. *Simpson v. Borg-Warner Auto., Inc.,* 196 F.3d 873, 875-76 n.1 (7th Cir. 1999). The time-barred incident alone did, in fact, make Justise aware that his rights were allegedly violated, and he, in fact, did file a charge of discrimination in 2001. Justise's reliance on the continuing violation theory is misplaced, and his claim that his employment was unlawfully terminated by Zenith in 2001 is time-barred.

Justise's second claim is that he was denied employment based on race when he called Zenith in February of 2004 and was not rehired. To prevail on a race discrimination claim under Title VII, a plaintiff must either show direct evidence of discriminatory motive or intent or proceed under the indirect burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1107 (7th Cir. 2004). Under that indirect method, a plaintiff must produce evidence tending to demonstrate a *prima facie* case of discrimination, which in this failure-to-hire case is that (1) he is a member of a protected class; (2) he applied and was qualified for a job for which Zenith was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and Zenith continued to seek applicants from persons of Justise's qualifications, or filled the position with a person not in Justise's protected class. *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1174 (7th Cir.2002). If the plaintiff produces such evidence, the burden shifts to the defendant to offer a legitimate nondiscriminatory reason for its action. *Id.* If it does so, then the plaintiff must offer evidence tending to show that the defendant's proffered reason was a mere pretext for race discrimination, "an explanation designed to obscure the unlawful discriminatory employment action." *Id.* (internal quotation omitted). Justise can demonstrate pretext by presenting evidence tending to show that the proferred reason was not worthy of belief

3

because it was factually baseless, was not the actual motivation for the decision in question, or was insufficient to motivate the decision. *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 888-889 (7th Cir. 2001).

Justise has failed to present evidence that he applied for a job at Zenith, although it is conceded that he would not have been hired if he had applied for any job because of his prior poor performance. Justise has not shown that he was qualified for any job that he might have sought. Beyond that, he has failed to present evidence that Zenith accepted applications from and rehired someone outside Justise's protected class who had been previously terminated. Because Justise has failed to demonstrate a *prima facie* case, Zenith is entitled to summary judgment.

Even if Justise had established a *prima facie* case, he has failed to rebut Zenith's proffered reason for not rehiring him. Zenith warehouse manager Don Wells stated in his affidavit that Zenith did not or would not rehire Justise because of his prior unacceptable performance and because it has a policy of not rehiring individuals who have been discharged. These are legitimate nondiscriminatory reasons for the refusal to rehire Justise. The court does "not sit as a superpersonnel department that will second guess an employer's business decision" even if that decision was baseless or mistaken, so long as the reason for the decision was honestly believed by the employer. *Gordon,* 246 F.3d at 889.

Justise has submitted an affidavit from Damon Williams, an African American former employee of Zenith. Mr. Williams states that he has heard warehouse manager Don Wells make racially derogatory comments and that Williams was fired by Zenith five times. He does not state the circumstances of how he remained employed or regained employment, but a copy of a charge of discrimination attached to his affidavit indicates that at one time he was reinstated through the grievance process. This evidence does not tend to demonstrate pretext, however, as it proves nothing in relation to Justise's job performance or Zenith's policy of not rehiring individuals who have been fired.

Justise submitted an affidavit from current Zenith employee and union steward Roy Clark, who stated that in 2001 a white male Randy Whitaker walked off the job but he was rehired. Clark stated, "A lot of people, including myself was wondering how that happen..." Clark's statement concerning another employee's employment status, in particular where he admits that he did not have personal knowledge of what transpired, is inadmissible hearsay. In his deposition, Don Wells stated that Whitaker did walk off the job, but that if someone walks off the job they get an attendance point. Wells did not recall whether Whitaker was fired or not for walking off the job. Clark's affidavit does not create an issue of fact as to whether Zenith's reason for not rehiring Justise was a pretext for discrimination.

4

### III.  Conclusion

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala,* 124 F.3d 298, 305-06 (1st Cir. 1997) (internal quotation omitted). "Without a *prima facie* case, the plaintiff cannot withstand summary judgment." *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1261 (7th Cir. 1993). Here, Justise's 2001 termination claim is time-barred.  For his failure to rehire claim, he has not come forward with evidence that establishes a *prima facie* case, nor has he shown that Zenith's proferred reason for not rehiring him was pretextual.

Accordingly, Zenith's motion for summary judgment must be **granted.** Any other pending motions are **denied as moot**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 08/18/2005

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana